## STALEY v. CITY OF MEDFORD et al.

(District Court, D. Oregon.    October 26, 1925.)

No. 8657.

Municipal corporations ⬤═530—Oregon statute, declaring taxes void after 6 years, inapplicable to special assessments.

Or. L. § 4373 (Laws 1907, p. 480, § 66) declaring taxes void 6 years after expiration of time when they became delinquent, is applicable only to general taxes and not to special benefit assessments, in view of section 15 of 1907 act.

In Equity.    Suit by William Staley against the City of Medford and others. On motion to dismiss.    Motion sustained.

Frank De Souza, of Medford, Or., and B. F. Lindas, of Portland, Or., for plaintiff.

J. H. Carkin, City Atty., and Reames & Reames, all of Medford, Or., for defendants.

WOLVERTON, District Judge. Plaintiff brings this suit to cancel certain special benefit assessments made against adjoining property by the city of Medford, and to restrain the city from acquiring title to the property affected by the assessments, under and in pursuance of its charter provisions, where such assessments have not been paid.

All the charter provisions and ordinances of the city, in so far as they affect the regularity and constitutionality of the proceedings touching the levy of the assessments and threaten transfer of the property to the city complained of, have been approved by the adjudications of the Supreme Court. Colby v. City of Medford, 85 Or. 485, 167 P. 487; Fehl v. City of Medford, 107 Or. 478, 215 P. 180; Wilson v. City of Medford, 107 Or. 624, 215 P. 184.

The only question presented here, and the only one relied upon by plaintiff whereby to support the bill of complaint against the challenge of a motion to dismiss, is that the assessments for special benefits are long since barred by the statute of limitations. In support of the contention, section 4373, Oregon Laws, is invoked, which reads:

"All taxes heretofore or hereafter levied by any county, city, town, school district, road district, port, or other municipal taxing agency or district of the state of Oregon, after the expiration of six years from the time when such taxes are delinquent, shall be void; provided, that this section shall not be construed as affecting any right acquired under or by virtue of the issuance of a certificate of delinquency provided for in this act."

This section is section 66 of an act of the legislative assembly of the state of Oregon, "To provide a more efficient system for the levy and collection of taxes," etc. (Laws 1907, c. 267, p. 453), which was designed to revise the taxing system of the state. It purports to cover the entire subject-matter of assessment and collection of county, city, school, road, port, or other municipal taxes.

This act is general in its scope, and relates to general taxes, such as are needed for defraying the expenses of the government in its various needs, as they arise through its various taxing agencies. As indicating its general character, it is provided by section 15, that "all the taxes hereinafter levied by any incorporated city or town, school dis-

triet, road district, port, or other municipal taxing agency or district, shall be levied on the property therein respectively assessable upon the valuation of such property as shown by the assessment roll last compiled by the assessor, corrected and equalized by the county board of equalization, and including entries therein of assessments as certified by the state board of tax commissioners and apportioned to such municipalities by the county clerk."

Taxes thus levied are the character of taxes to which section 66 of the act alludes, and none other. The section cannot, by the utmost stretch of the rules of statutory interpretation, cover assessments for local improvements in cities and towns. They are not taxes levied upon the properties designated by the act, nor within the sense and purpose thereof. They are special assessments authorized by the municipality, and not in pursuance of the general system provided for the levy and collection of taxes. Section 4373, Oregon Laws, is therefore without application in the present controversy.

Motion to dismiss sustained.